IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILSON TOUSSAINT | : | CIVIL ACTION |
| | : | |
| v. | : | No. 26-6253 |
| | : | |
| J.L. JAMISON, Warden, Federal Detention Center, Philadelphia, et al. | : | |

**MEMORANDUM**

**Judge Juan R. Sánchez** **August 27, 2026**

Petitioner Wilson Toussaint brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention by the Department of Homeland Security (DHS). He argues that his mandatory detention without a bond hearing under 8 U.S.C. § 1225(b)(2) is unlawful. Because § 1225(b)(2) does not apply to noncitizens like Mr. Toussaint who have resided within the United States for years, the Court will grant his petition.

**BACKGROUND**

Wilson Toussaint is a noncitizen who entered the United States in 2022. Pet. ¶ 2, Dkt. No. 1. He was granted humanitarian parole pursuant to 8 U.S.C. § 1182(d)(5), which allowed him to apply for asylum and a work permit, both of which he subsequently did. *Id.* ¶¶ 24, 25. The next scheduled hearing in his immigration proceedings is July 20, 2029. *Id.* ¶ 25. Before he was detained, Mr. Toussaint resided in Philadelphia, Pennsylvania, and has lived in the United States for nearly four years without criminal incident. *Id.* ¶¶ 2, 5. On or about August 23, 2026, DHS officials took Mr. Toussaint into custody while he was working. *Id.* ¶ 27. He is currently detained at the Federal Detention Center in Philadelphia. *Id.* ¶ 28.

On August 25, 2026, Mr. Toussaint filed the instant habeas petition, seeking release on the grounds that his detention under 8 U.S.C. § 1225(b)(2)(A) violates both the Immigration and Nationality Act (INA) and his rights to substantive and procedural due process under the Fifth

Amendment. The Government responded to the petition on August 26, 2026. It maintains that Mr. Toussaint is lawfully detained under its correct interpretation of 8 U.S.C. § 1225(b)(2)(A), and that Mr. Toussaint's detention satisfies constitutional due process requirements. Gov't's Resp. 1-2, Dkt. No. 3.

**DISCUSSION**

This case turns on a question of statutory interpretation that this Court and many others in this District have already resolved against the Government: whether a noncitizen who entered the country without inspection years ago and is later arrested in the interior remains an alien "seeking admission" within the meaning of § 1225(b)(2)(A). The Government acknowledges courts in this District have rejected its interpretation, though it continues to press that position here. *Id.* at 2.

In *Ndiaye v. Jamison*, this Court held that "§ 1226 applies to noncitizens . . . who have been residing in the country, while § 1225 is reserved for newly arriving noncitizens." No. 25-6007, 2025 WL 3229307, at *8 (E.D. Pa. Nov. 19, 2025). Judges in this District have consistently reached the same conclusion. *See, e.g.*, *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025); *Patel v. McShane*, No. 25-5975, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025); *Rios Porras v. O'Neill*, No. 25-6801, 2025 WL 3708900 (E.D. Pa. Dec. 22, 2025); *Rodrigues v. Jamison*, No. 26-1407, 2026 WL 676468 (E.D. Pa. Mar. 10, 2026).

Appellate courts have now split on the issue. Rejecting the overwhelming weight of authority from district courts around the country, divided panels of the Fifth and Eighth Circuits have agreed with the Government's position, holding that an "applicant for admission" is "seeking admission" so long as he is "'present in the United States [and] has not been admitted,' . . . regardless of whether he takes 'any further affirmative steps to gain admittance.'" *Avila v. Bondi*, 170 F.4th 1128, 1134 (8th Cir. 2026) (alteration in original) (citations omitted); *Buenrostro-*

*Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026). The First, Second, Sixth, Seventh, Ninth, Tenth, and Eleventh Circuits, in contrast, have "join[ed] the overwhelming majority of federal judges across the Nation" in holding that § 1225(b)(2)(A) "does not apply to . . . noncitizens[] who are present in the United States after entering the country without inspection and admission, and who were not apprehended while entering the country or shortly thereafter." *Barbosa da Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026); *Guerrero Orellana v. Moniz*, __ F.4th __, 2026 WL 2352042, at *11 (1st Cir. Aug. 13, 2026) (holding "noncitizens . . . who are present in the United States without admission are not subject to § 1225(b)(2)(A)'s mandatory detention provision"); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 731-34 (6th Cir. 2026) (holding § 1225(b)(2)(A) does not apply to long-resident noncitizens arrested in the interior); *Cirrus Rojas v. Olson*, __ F.4th __, 2026 WL 2198315, at *2 (7th Cir. July 30, 2026) ("join[ing] the majority of circuits that have confronted th[e] question" and rejecting the government's argument that a noncitizen who is deemed an "applicant for admission" must also be "seeking admission"); *Rodriguez Vazquez v. Bostock*, __ F.4th __, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026) ("[W]e conclude that aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)."); *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1246 (10th Cir. 2026) (concluding "§ 1225(b)(2)(A) is limited to the border, and that [petitioner] is an 'applicant for admission' but not 'seeking admission'"); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1276 (11th Cir. 2026) (holding § 1225(b)(2)(A) "applies only to . . . those seeking lawful entry into the United States," not "present aliens not seeking admission").[1]

[1] The Third Circuit has not yet addressed the issue presented in this case but heard oral argument in a pair of consolidated cases presenting the issue on May 11, 2026. *See* Gov't's Resp. 2.

None of that appellate authority binds this Court, but the decisions in *Barbosa da Cunha*, *Guerrero Orellana*, *Lopez-Campos*, *Cirrus Rojas*, *Rodriguez Vazquez*, *Santillan Quiroz*, and *Hernandez Alvarez* align with this Court's analysis in *Ndiaye* and with "the decisions of over 370 district judges across the Nation who (as of mid-February 2026) have also rejected the government's position." *Barbosa da Cunha*, 175 F.4th at 71. This Court will adhere to its prior decisions holding that "§ 1226 applies to noncitizens like [Mr. Toussaint] who have been residing in this country, while § 1225 is reserved for newly arriving noncitizens." *Ndiaye*, 2025 WL 3229307, at *8. Mr. Toussaint's present detention did not occur at or near the border or during an ongoing inspection process. He entered the United States in 2022 and was arrested by DHS in the interior in August 2026. On these facts, his detention is governed by § 1226(a), not § 1225(b)(2)(A). Because the Government offers no basis for Mr. Toussaint's detention other than § 1225(b)(2)(A), his current detention is unlawful.

**CONCLUSION**

Accordingly, the Court will grant Petitioner's Petition for Writ of Habeas Corpus and order his immediate release. An appropriate Order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.